# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**FREDRICK SELLERS,**

    Plaintiff,

**v.**                                                **CIVIL ACTION NO. 2:15-CV-79 (BAILEY)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 36]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on December 19, 2016, wherein he recommends this Court grant the Government's Motion to Dismiss or for Summary Judgment, dismiss with prejudice the plaintiff's Complaint under the independent contractor exception as it relates to his claim for unnecessary surgery, and dismiss without prejudice the plaintiff's Complaint for failure to exhaust an administrative tort claim and comply with the MLPA as it relates to his follow-up care and infection following surgery.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on December 21, 2016. [Doc. 37]. The plaintiff timely filed his Objection on December 23, 2016. [Doc. 38]. The plaintiff also filed a timely Supplement to his Objection on December 27, 2016. [Doc. 39]. Additionally, the plaintiff filed a second Supplement to the Objection on January 10, 2017 [Doc. 40], which this Court notes was not timely. However, in the interests of justice, this Court will consider the plaintiff's arguments therein. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

I.  **BACKGROUND**

The plaintiff is a federal inmate presently confined at FCI Gilmer in Glenville, West Virginia. He is serving a 188-month sentence imposed on April 4, 2011, in the United States District Court for the District of New Jersey for violation of 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine. [Doc. 29-1 at 2]. On May 27, 2015, the plaintiff filed an administrative tort claim ("SF-95") with the Federal Bureau of Prisons ("BOP") alleging negligence on the part of the FCI Gilmer staff for sending him to an outside hospital for an unnecessary hernia repair.

2

The plaintiff requested damages in the amount of three million dollars. [*Id.* at 5-7]. Following an investigation, the BOP denied the plaintiff's claim by letter dated August 26, 2015, concluding that although there was an erroneous entry made in the plaintiff's medical record regarding an old injury and a hernia, the plaintiff went to an outside hospital, where he consulted with a surgeon who determined that he had a hernia. He also signed a consent form for surgery, and during the surgery, the outside surgeon found and repaired a hernia. [*Id.* at 10].

The plaintiff filed his Federal Torts Claim Act ("FTCA") Complaint [Doc. 1] on October 27, 2015. Therein, he alleges that the FCI Gilmer staff sent him to an outside hospital, where he underwent a needless hernia operation because his medical records included records that belonged to another inmate. He also claims that after the surgery, his surgical wound became infected as a result of the staff's negligence in not providing him with wound care instructions or physical limitations during his recovery. He seeks six million dollars in compensatory and punitive damages, as well as other relief, including immediate release from custody. [Doc. 1].

Following a March 17, 2016, Order to Answer [Doc. 23], the defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 28] on May 17, 2016. In the accompanying Memorandum in Support [Doc. 29], the defendant maintains that the plaintiff's FTCA claim against it must be dismissed on numerous grounds. First, the defendant argues that the FTCA claim as it pertains to the plaintiff's follow-up care and resulting infections was not properly exhausted. Second, the defendant argues that the independent contractor exception applies to the plaintiff's claim regarding his surgery. Third, the defendant argues that the plaintiff's negligence claim against it must be

dismissed fo failure to comply with the West Virginia Medical Professional Liability Act ("MPLA"). Finally, the defendant alleges that the plaintiff's negligence claim is without merit.

In the plaintiff's reply [Doc. 34], the plaintiff acknowledges that in his SF-95, he failed to mention the infection that resulted from the "unnecessary" hernia operation, but argues that it is the clear result of the Government's initial lapse in good judgment. He also argues that, although the surgery may have been performed by an outside contractor, FCI Gilmer's negligence led to the surgery. Regarding the defendant's claim that he failed to comply with the MPLA, the plaintiff argues that his case deals with two non-complex issues that do not require expert testimony because they are within the common knowledge of lay jurors. Additionally, the plaintiff advances the doctrine of *res ipsa loquitur*. Finally, the plaintiff notes that the BOP has an obligation to provide him with a healthy and safe environment with protection from injury. He argues that there was a breakdown within that duty and, as a consequence, he suffered tremendously. The plaintiff also filed a supplemental response [Doc. 35], in which he points out that the defendant acknowledged that the plaintiff's medical records were scrambled with those of another inmate.

Magistrate Judge Trumble filed the instant R&R [Doc. 36] on December 19, 2016, recommending that this Court grant the defendant's motion and dismiss the plaintiff's Complaint. Specifically, Magistrate Judge Trumble recommends that the plaintiff's Complaint be dismissed with prejudice under the independent contractor exception as it relates to the plaintiff's claim for unnecessary surgery, and dismissed without prejudice for failure to exhaust an administrative tort claim and comply with the MPLA as it relates to his follow-up care and infection following surgery. In so recommending, the magistrate judge

4

begins by acknowledging that there was an error in the plaintiff's medical records regarding a previous injury during his clinical encounter on October 14, 2014, which was also acknowledged by the BOP. The magistrate judge explains that the plaintiff traveled to an outside hospital, was evaluated by an independent doctor, was diagnosed independently with a hernia, signed an informed consent to undergo surgery to repair hernias, and had an umbilical hernia repaired during surgery. This series of events caused any negligence on the part of the medical staff at FCI Gilmer to not result in an unnecessary surgery for a nonexistent hernia. Magistrate Judge Trumble also describes the FTCA and the independent contractor exception, concluding that the defendant is not responsible for any alleged negligent act or omission of the independent doctor who performed the surgery. Further, the magistrate judge explains that the plaintiff did not exhaust his claim to the BOP regarding his follow-up care for a post-surgical infection, and that, even if he had exhausted this claim, its dismissal is warranted because the plaintiff was required to but did not file a screening certificate of merit pursuant to West Virginia Code § 55-7B-6(c). For these reasons, Magistrate Judge Trumble recommends that the plaintiff's requested relief be denied.

The plaintiff filed objections on December 23, 2016 [Doc. 38], December 27, 2016 [Doc. 39], and January 10, 2017 [Doc. 40].

**II.    DISCUSSION**

The plaintiff's first objection [Doc. 38] simply states that he "would like to appeal the [Court's] dismissal of [his] complaint claiming that the 'Independent Contractor exception' barred [him] from suing the government under FTCA." [Doc. 38]. This Court finds that this fails to state any actual, substantive objection and must be **OVERRULED**.

In his second objection [Doc. 39], the plaintiff takes issue with the Government's failure to fully take responsibility for "their own actions and culpability," arguing that it was FCI Gilmer's employees rather than the surgeon who "scrambled" the medical records. He notes that he wants his "FTCA to focus on the CAUSE of the surgery," reasserting his argument that prison officials are required to provide inmates with reasonably adequate medical records. He muses whether it is possible that Magistrate Judge Trumble correctly framed his argument but the Government's summary judgment motion "caused a diversion by placing blame on the outside contractor when in fact the negligence lies with them personally," and seems to generally agree with most of the R&R.

The only real objection made appears to be to the "outside contractor" argument that, although he indicates that he thinks the argument is "fair," the plaintiff avers may have distracted the magistrate judge from the fact that liability rests with the defendant. This objection is without merit, and this Court agrees with Magistrate Judge Trumble that the Government is not responsible for the actions of the surgeon. The actual harm alleged by the plaintiff is the surgery itself. The surgery was performed (or "caused") by Dr. Salvatore Lanasa, MD. Thus, the inquiry is whether the Government is liable for the actions of Dr. Lanasa.

As noted by the magistrate judge, under the FTCA, the United States has waived its sovereign immunity in limited circumstances and agreed to be fiscally responsible only when alleged tortious conduct is performed by government employees and not when performed by contractors. **Berkman v. United States**, 957 F.2d 108, 112 (4th Cir. 1992). Actions for damages against the United States may be asserted "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). An employee of the Government is defined to include officers and employees of any federal agency, but contractors are excluded. 28 U.S.C. § 2671. Whether one is an employee or a contractor is defined by the Government's power to "control the detailed physical performance of the contractor." **Logue v. United States**, 412 U.S. 521, 528 (1973). As described by the Restatement, "[a]n independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." Restatement (2d) of Agency § 2 (1958). As described by the Fourth Circuit, "[t]he test for whether an alleged tortfeasor is an employee rather than an independent contractor of the United States is whether the government exercises day-to-day control over the performance of the work under contract." **Berkman**, 957 F.2d at 113. In other words, if the Government has the ability to control the surgeon's actual performance, the surgeon is an employee of the Government, and the Government is liable for the surgeon's actions undertaken while acting within the scope of his employment. However, if the Government cannot control the surgeon's actions, the surgeon is an independent contractor, and the Government is not liable for his actions within the scope of his contract.

Here, the plaintiff went to St. Joseph's Hospital, a facility independent of and not operated by the BOP. Dr. Lanasa was an employee of St. Joseph's; he was not an

employee of the federal government. The plaintiff has not asserted that the Government had any control over Dr. Lanasa's interactions with the plaintiff nor his daily work. That Dr. Lanasa's work was done without any Government control means that the surgeon was an independent contractor, and the Government is not liable for his actions. Moreover, the medical professional who sent the plaintiff to St. Joseph's opined that the plaintiff needed surgery to repair two incisional ventral hernias. This was pursuant to the medical records error. Importantly, this surgery to repair two incisional ventral hernias did not take place. Dr. Lanasa examined the plaintiff independently and found one ventral hernia. His diagnosis of the plaintiff was not the same as that which originated from the clerical error. Dr. Lanasa diagnosed the singular ventral hernia before surgery, and his diagnosis remained the same after the surgery concluded. This surgery was to repair the one ventral hernia Dr. Lanasa found upon his independent examination and only took place after the plaintiff signed the Informed Consent authorizing the surgeon to perform the same. Thus, the clerical error with the plaintiff's medical records might have caused the plaintiff to go to the hospital where the surgery was performed, but there were intervening causes that relieved the Government from liability. The Government did not cause the independent surgeon to ultimately find a hernia, nor did it force the plaintiff to sign the consent form whereby he agreed to the surgery that was performed. Ultimately, the surgery was not "unnecessary," as the plaintiff alleged, because of the actual presence of the hernia, nor is the Government liable for the surgery due to Dr. Lanasa's status as an independent contractor. As such, the plaintiff's objection is **OVERRULED**.

In his third objection [Doc. 40], the plaintiff once again avers that he has a right to proper medical care while in the BOP's custody, breach of which "should be reprehensible."

8

He asserts his central argument that the mishandling of his medical records by FCI Gilmer caused him serious injury. He states that he was never diagnosed with a hernia and reasserts that the surgery was unnecessary.

This Court does not disagree that one has a right to proper medical care while in the BOP's custody. However, the plaintiff was not in the BOP's custody at the time of the surgery. Any argument about the plaintiff's medical care after the surgery is improper here because that claim must be dismissed for failure to exhaust administrative remedies before asserting it in federal court, as recommended by the magistrate judge and to which the plaintiff does not object. Furthermore, this Court addresses the plaintiff's assertion that the mishandling of his medical records by FCI Gilmer caused him injury herein and will not again explain how the independent contractor exception applies to his claim. As to the plaintiff's assertion that he was never diagnosed with a hernia and his surgery was unnecessary, this Court would direct the plaintiff to Dr. Lanasa's Operative Report [Doc. 29-6 at 10], where he indicates that prior to surgery, he diagnosed the plaintiff with a ventral hernia, explains the procedure he used to repair the plaintiff's ventral hernia, and states that his diagnosis of a ventral hernia remained the same after surgery as well–in other words, during the surgery, he found nothing to suggest that his diagnosis before surgery was incorrect. As such, the plaintiff was diagnosed with a hernia by an independent surgeon, and the surgery he underwent was necessary to repair that hernia. Accordingly, the plaintiff's objection is **OVERRULED**.

### III. <u>CONCLUSION</u>

Upon careful review of the above, it is the opinion of this Court that Magistrate Judge

Trumble's Report and Recommendation **[Doc. 36]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Further, the plaintiff's Objections **[Docs. 38, 39, 40]** are **OVERRULED**. Accordingly, the Government's Motion to Dismiss or for Summary Judgment **[Doc. 28]** is hereby **GRANTED**, and the plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE** as it relates to his claim for unnecessary surgery pursuant to the independent contractor exception and **DISMISSED WITHOUT PREJUDICE** as it relates to his claim for improper follow-up care and infection following surgery for failure to exhaust an administrative tort claim and comply with the MPLA. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: February 16, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE